IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIA FERNANDA MORERA VALERO,** | § § § | |
| Petitioner, | § § | |
| v. | § | CAUSE NO. EP-26-CV-469-KC |
| **KRISTI NOEM et al.,** | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered the case. On February 18, 2026, the Court ordered Respondents to show cause why Maria Fernanda Morera Valero's Petition for a Writ of Habeas Corpus, ECF No. 1, should not be granted. Show Cause Order 2, ECF No. 3. In response, Respondents stated that they "agree that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and can seek bond from an immigration judge under 8 U.S.C. § 1226," but "it does not appear as if she has requested a bond redetermination hearing." Resp. 1, 4, ECF No. 4. Thus, the Court ordered Morera Valero to file a reply addressing whether she had done so. Feb. 25, 2026, Order 2, ECF No. 5.

On March 4, the parties informed the Court that Morera Valero was granted bond on March 3, posted bond, and was to be released that day. Joint Status Report 2, ECF No. 6.

"[W]here an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot. *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)). Because Morera Valero was released from immigration custody on March 4, the Petition is now moot. *See Ortez*, 845 F.2d at 575.

Accordingly, the Court **ORDERS** that the Petition is **DISMISSED** as moot.

**The Clerk shall close the case**.  To the extent that Morera Valero wishes to seek additional relief from the Court, she may file a motion to reopen.

**SO ORDERED**.

**SIGNED this 5th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE